No. 199

KUSZIK v. STATE

No. 18816. Supreme Court

On motion for leave to file petition in error to the Summit Appeals. For docketing entry and annotations see ante. pg. 114.

480. EVIDENCE—1. Was expert testimony tending to prove manner of unlawful death prejudicial?

2. If State introduces no evidence to rebut that admitting insanity of accused is preponderance of evidence in his favor?

Alexander Kuszik was indicted for murder in the first degree for the unlawful death of Elizabeth Nagy. A jury in the Summit Common Pleas convicted him of murder in the first degree without a recommendation of mercy.

Judgment was rendered and he was sentenced to be electrocuted. This verdict was taken to the Court of Appeals where judgment was affirmed.

Kuszik assigns error upon two grounds, and asks for leave to file his petition in error. He claims:

1. That testimony was introduced over his objection, tending to show how the girl met her death. He claims that the testimony of Dr. Craft to the effect that she was raped was incompetent, irrelevant and prejudicial to his rights, as the indictment did not charge murder in committing or attempting to commit a rape.

2. It is claimed by Kuszik that the verdict of the jury effecting his sanity is against the weight of the evidence, as no witness for the State testified concerning his mental condition. He declares that the preponderance of the evidence was in his favor.

It is also contended by Kuszik that the sentiment and passion of the jury were inflamed by the desire of the state to prejudice the minds of the members, by proof that the alleged crime had been perpetrated upon the body of the deceased after her death, and highly prejudicial to the accused and it thus became im-

possible for the defendant to have a fair trial.

The court is asked to review the record, on account of the gravity of the case, notwithstanding its holding that it will not weigh evidence.

Attorneys—C. G. Roetzel and Paul Laybourne, for Kuszik; W. B. Wanamaker, for State; all of Akron.

---

No. 200

METROP. LIFE INS. CO. v. HABER, Admr.

No. 18817. Supreme Court.

Hearing on motion to order Cuyahoga Appeals to certify. Dock. Nov. 10, 1924. 2 Abs. 706.

723. LIFE INSURANCE—1. Was proof conclusive, to void policies which recited certain diseases as being ground therefor?

2. Was there any evidence to support finding of jury that Haber had, before issue of policies, been attended by a physician, for nephritis?

The original action was instituted in the Cuyahoga Common Pleas by Kathryn Haber to recover from the Metropolitan Life Insurance Co. the insurance on three policies of Wm. Haber, deceased. The policies had been taken out by the decedent during his life.

The Insurance Company alleged that it is stated in all the policies that, if insured has been rejected by any other or this company, or has been attended by a physician for any serious diseases or complaint or has had disease of the liver, heart, kidneys etc., before date of issuance of policy, this policy is void. It sets forth that Haber died of chronic nephritis, and alleged that he was attended by a physician before his death and before date of policy. The Common Pleas rendered judgment in favor of Mrs. Haber and this judgment was affirmed by the Court of Appeals.

The Insurance Co. claims that the Court of Appeals in construing the clause in the policy, gave no effect to the words "attended to by a physician." According to said clause the contract of insurance was void. Haber claims that decedent was young and in good health and could not have suffered from alleged disease for as long a time as is claimed by Insurance Co.

The questions to be considered by the Supreme Court are:

1. Whether proof that insured was attended by a physician for a disease before policy was issued is conclusive to void policy.

2. Was there any evidence to support the jury's finding?

Attorneys—Cook, McGowan, Foote, Bushnell & Burgess for Insurance Co.; Stephen Young for Haber; all of Cleveland.

---

If you want to make your law library more nearly perfect, and increase its service to you, by giving you the immediate state wide output of current cases, without your being compelled to wait for the generally tardy bound volumes, take the Abstract and consult it whenever you want an authority.